STATE OF MAINE

YORK, ss.

JILL DISQUE-NORTON, et als.

Plaintiff

v.

TOWN OF KENNEBUNK,

Defendant

and

MARY JANE GRADY AND
SANDRA A. NADEAU,

Parties-in-Interest

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-064

ORDER

Before the Court is a Rule 80B appeal. Following hearing, the petition is GRANTED in part and DENIED in part as follows:

FACTUAL BACKGROUND

In March 2001, Party-in-Interest Sandra Nadeau (Nadeau) filed with the Defendant Town of Kennebunk (Town) an application for site plan review of her proposal to convert a single-family residence, owned by Party-in-Interest Mary Jane Grady (Grady), into a 40-child "nursery school" (proposal). The property is in the Suburban Residential and Shoreland Area Overlay zoning districts. On May 17, 2001, the Site Plan Review Board (SRB) granted the application. None of the Plaintiffs attended the SRB meeting, since they had no notice of the meeting. On July 12, the Kennebunk Code Enforcement Officer (CEO) issued a building permit to Nadeau for a "new structure" and "change of use."

On July 15, Plaintiffs Jill Disque-Norton, an abutter, and neighbors Rosalind Magnuson, Anne Carlson, Susan Walker and Doris Hurdman (Plaintiffs), first noticed construction. On August 8, Plaintiffs filed an appeal to the Zoning Board of Appeals (ZBA) on grounds that the proposal violated the 50-foot setback requirement for land within 125 feet of the normal high water line. In September, the ZBA denied Plaintiffs' appeal, finding that (1) Plaintiffs' appeal of the SRB's decision was untimely (beyond 30 days); and (2) the CEO decision to grant the permit was valid because the structure was no longer a "dwelling". This appeal followed.

*Timeliness of appeal to ZBA*

Plaintiffs argue that their August 8 appeal was within 30 days after the CEO's July 12 decision to grant a building permit, and therefore Plaintiffs' appeal was timely. Plaintiffs maintain that because their proposal involves alteration of an existing structure and change of use, a permit from the CEO is required. Under Maine statute, it is the CEO's duty to enforce the zoning ordinance. Plaintiffs further argue that the ZBA's decision to refuse to consider the appeal from the SRB's decision error.

## DISCUSSION

*Standard of review*

In Rule 80B appeals, the Court must decide whether there was an abuse of discretion, error of law, or findings not supported by substantial evidence in the record. *McGhie et al. v. Town of Cutler*, 2002 WL 537979 (Me.); 202 [*sic*] Me. 62, ¶ 5.

*Timeliness of the appeal*

Plaintiffs' appeal to the ZBA was timely. Not only does the zoning ordinance explicitly state that appeals to the ZBA shall be from the decision of the CEO, in this instance, the SRB's decision to grant a variance was conditional upon the CEO's determination to grant a building permit for the proposal. **R.17.** The zoning ordinance mandates that a person aggrieved file his appeal within 30 days after issuance of a written decision from the Code Enforcement Officer. KZO, Art. 6(3)(A). The appeals period here runs from the date of the CEO's determination, July 12. Since Plaintiffs submitted their appeal on August 8, the ZBA's decision that Plaintiffs' appeal was untimely is not supported by substantial evidence upon the record, and is an error of law. The case must be remanded to the ZBA for further review.

*"Designed or used for residential purposes"*

The day care center proposal was not reviewed under SRB standards, as required for day care centers in excess of 12 children. KZO, Art. 10(20)(F). A day care center is a commercial use that falls under the "special exceptions" category of the KZO. KZO, Art. 8(4)(C)(1). Before such use can be granted, the Planning Board is required to hold a public hearing, KZO, Art. 7(2)(A), and the Planning Board is required to advertise in a newspaper, KZO, Art. 7(2)(A)(3), and to mail notice to abutters. KZO, Art. 7(2)(A)(4). Since no hearing took place at the Planning Board stage, but a hearing has been held before the ZBA, we review on appeal the ZBA's decision.

The Kennebunk ZBA decided that the CEO's determination that the building was no longer a dwelling, and that its use had changed to a day care center, was correct. R. 48. As a day care center, the building is no longer "designed or used for residential purposes." KZO, Art. 2(2). Therefore, the limitation of 12 children or adults, required of day care centers located in "dwellings," KZO, Art. 10(20)(E) is inapplicable in this case. The design approved by the CEO is "to change use from single family home to day care center." R. 19. Since the day care center building is no longer a dwelling, more than twelve children may be accommodated.

The entry will be as follows:

> The decision of the ZBA that the Plaintiffs' appeal to the ZBA on waiver/variance issues was untimely is vacated and the case is remanded to the ZBA. The ZBA will interpret Article 8, section 16.D of the Zoning Ordinance to determine whether a zoning variance is required when the 50-foot minimum setback is not met.
>
> Otherwise, the appeal is Denied.
>
> The court retains jurisdiction of the case pending further action by the ZBA.

The clerk may incorporate this order in the docket by reference.

Dated:     May 30, 2002

PLAINTIFFS:
Robert Woodman, Esq.
Michael O'Toole, Esq.
WOODMAN EDMANDS DANYLIK & AUSTIN
PO Box 468
Biddeford Me 04005

DEFENDANT:
William Dale, Esq.
Natalie Burns, Esq.
JENSEN BAIRD GARDNER AND HENRY
PO Box 4510
Portland Me 04112-4510

G. Arthur Brennan
Justice, Superior Court

PARTIES-IN-INTEREST:
Durward Parkinson, Esq.
Stefan Jouret, Esq.
BERGEN AND PARKINSON
62 Portland Rd
Kennebunk Me 04043-6658

4